# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50968
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO LUIS MACIAS, JR., also known as Mario Macias, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-226-1

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Mario Luis Macias, Jr., federal prisoner # 81432-280, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence pursuant to Amendment 782 to the Sentencing Guidelines and from the denial of his motion for reconsideration of the district court's order. By moving to proceed IFP in this court, Macias is challenging the district court's certification that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50968

his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Only if a reduction is consistent with § 1B1.10 should a district court proceed to the second step and consider whether a reduction is warranted, as a matter of discretion, in whole or in part under § 3553(a)'s sentencing factors. *Id.* at 826-27.

Macias asserts that the district court failed to conduct the analysis required by *Dillon*. The district court determined that Macias's sentence fell within the amended guidelines range and that a sentence reduction was unwarranted. Thus, the district court complied with *Dillon*. *See* 560 U.S. at 826-27.

Macias notes that he was sentenced originally at the low end of the guidelines range and that his original sentence is at the high end of the amended range. He complains that the district court failed to consider the statutory sentencing factors in denying a sentence reduction. He asserts that his sentence is disproportionate because it is not at the low end of the amended range. This contention is without merit.

No. 15-50968

Macias raised his proportionality argument in his motion for reconsideration. We assume that the district court considered the argument in denying the motion. *See United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Macias has failed to show that his appeal involves a non-frivolous issue. *See Howard*, 707 F.2d at 220.

The request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24.